THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **RACHEAL ARD** § | |
| **Plaintiff,** § | |
| § | |
| VS. § | Civil Action No. 2:23-cv-289 |
| § | |
| **BERKSHIRE HATHAWAY** § | |
| **HOMESTATE INSURANCE COMPANY** § | |
| **Defendant.** § | |

### PLAINTIFF'S AMENDED COMPLAINT AND PETITION FOR DECLARATORY RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES, RACHEAL ARD, hereinafter referred to by name or as Plaintiff, and complains of BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY, hereinafter referred to as "Berkshire Hathaway" or as "Defendant" and for cause of action would respectfully show unto the Court the following:

1. Plaintiff RACHEAL ARD is an individual residing in Nueces County, Texas.

2. Defendant BERKSHIRE HATHAWAY is an insurance company doing business in the State of Texas. This Defendant has already made an appearance herein. No additional service is necessary at this time.

3. This Court has personal jurisdiction over Defendant because this lawsuit arises out of and is connected with purposeful acts committed by Defendant in Texas.

4. The Court has subject matter and diversity jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the minimum jurisdictional limits of this Court. Defendant has citizenship in Nebraska. Plaintiff is a citizen of Texas.

5. Venue is proper in this district because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

6. On November 27, 2020, Plaintiff was operating a Chevrolet pickup traveling northbound on Carroll Lane in Corpus Christi, Nueces County, Texas, when she was violently struck by a vehicle operated by Stephanie Garza. Stephanie Garza failed to stop at a stop sign and caused the collision. Then, Ms. Garza fled the scene.

7. The vehicle was owned by Bonnie Barrera. Based upon information and belief, Ms. Barrera and Stephanie Garza were uninsured at the time of the crash.

8. The negligent operation of the uninsured 2014 silver Dodge Charger driven by Stephanie Garza proximately caused injuries and damages to RACHEAL ARD.

9. At such time, Plaintiff was protected against loss caused by bodily injury and property damage resulting from the ownership, maintenance, or use of an uninsured or underinsured motor vehicle by a policy of insurance issued by Defendant BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY. Plaintiff timely and properly notified Defendant Berkshire Hathaway of her claims under the uninsured/underinsured provisions of the policy. Defendant Berkshire Hathaway has not offered Plaintiff a fair settlement. All conditions precedent to bringing the suit have been performed and/or have occurred.

10. The collision described above, and the resulting injuries and damages suffered by Plaintiff, were proximately caused by the negligent conduct of Stephanie Garza in one or more of the following respects:

   a. In failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

   b. In failing to apply the brakes to his vehicle in order to avoid the collision;

  c. In failing to stop at the stop sign;

  d. In failing to yield the right of way to Plaintiff;

  e. In failing to stop at the stop sign in violation of Texas Transportation Code Sec. 544.010 (Stop Signs and Yield Signs);

  f. Driving while distracted; and

  g. In failing to operate the vehicle in a reasonably prudent manner.

11. Each of these acts and omissions, singularly or in combination, constituted negligence and negligence per se that proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages as described below.

12. As a result of the negligence of Stephanie Garza, Plaintiff suffered severe bodily injuries. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for Plaintiff's entire life.

13. As a further result of the negligence of Stephanie Garza and the injuries described above, Plaintiff has incurred expenses for medical care and attention. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will incur reasonable expenses in the future for such medical needs.

14. Having determined that Stephanie Garza was, at the time of the occurrence described above, operating an uninsured/underinsured motor vehicle, as that term is defined in the policy of insurance, Plaintiff timely and properly notified Defendant Berkshire Hathaway. Plaintiff has fully complied with all the conditions of the insurance policy prior to bringing this suit. All conditions

precedent have been performed or have occurred. Nevertheless, Defendant Berkshire Hathaway has failed and refused, and still fails and refuses, to pay plaintiff benefits under this policy as it is contractually required to do.

15. Based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and Defendant Berkshire Hathaway at the time of the collision, Plaintiff seeks a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code Ch. 37 (Uniform Declaratory Judgments Act) that Plaintiff is entitled to recover from Defendant Berkshire Hathaway her damages resulting from the motor vehicle collision of November 27, 2020; that those damages fall within the coverage afforded under the Defendant Berkshire Hathaway's insurance policy; and specifying the amount of damages, attorneys fees, interest, and court costs that Defendant Berkshire Hathaway is obligated to pay.

16. By reason of the above and foregoing, Plaintiff has been damaged in a sum within the jurisdictional limits of this court.

17. Such damages include:

    a.    Pain and suffering in the past;

    b.    Pain and suffering in the future;

    c.    Mental anguish in the past;

    d.    Mental anguish in the future;

    e.    Past medical expenses;

    f.    Future medical expenses;

    g.    Physical impairment in the past;

    h.    Physical impairment in the future;

    i.    Physical disfigurement in the past;

      j.      Physical disfigurement in the future;

      k.      Loss of earnings; and

      l.      Loss of earning capacity;

18. Plaintiff further requests both pre judgment and post judgment interest on all damages as allowed by law.

19. Pursuant to TEX. CIV. PRAC. & REM. CODE Ch. 37, Plaintiff seeks recovery of reasonable and necessary attorney's fees from Defendant Berkshire Hathaway, for which Plaintiff hereby sues.

20. Plaintiff demands a trial by jury.

21. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and on final hearing of this cause, the Plaintiff have judgment against Defendant in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to damages for:

      a.      Pain and suffering in the past;

      b.      Pain and suffering in the future;

      c.      Mental anguish in the past;

      d.      Mental anguish in the future;

      e.      Past medical expenses;

      f.      Future medical expenses;

      g.      Physical impairment in the past;

      h.      Physical impairment in the future;

i. Physical disfigurement in the past;

j. Physical disfigurement in the future;

k. Loss of earnings;

l. Loss of earning capacity; and

m. Reasonable and necessary attorney's fees.

Respectfully submitted,

__s/ Bart Behr_____
State Bar No. 00789843

**THOMAS J. HENRY, INJURY ATTORNEYS**
**5711 University Heights Blvd.**
**Suite 101**
**San Antonio, Texas 78249**
**Voice: (210) 656-1000**
**Fax: (888) 956-8001**
**E-mail: bbehr-svc@thomasjhenrylaw.com**
**Attorney for Plaintiff**
**RACHEAL ARD**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been provided to all known counsel of record via CM/ECF on December 8, 2023.

__s/ Bart Behr_____